SOUL, Recr. et v. CLEARY et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8729. Decided Oct. 29, 1928.

(Hughes P. J., and Justice, J. of the 3rd Dist., sitting.)

First Publication of This Opinion.

Syllabus by Editorial Staff.

DEBTOR AND CREDITOR—Real Estate. (510 Db)

(210 F2) Conveyance of real estate for consideration long past, and without present consideration, grantor being insolvent, is fraud upon creditors and will be set aside.
Vickery & Vickery, Cleveland, for Soul.
Gaughan & Collins, Cleveland, for Cleary, et.

HISTORY:—Action in Common Pleas by Soul, Receiver against Cleary, et al., to set aside deed. Heard on appeal. Decree for plaintiff. No action in Supreme Court prior to date of this publication.

STATEMENT OF FACTS.

This is an action brought by the plaintiff to set aside a deed made by the husband of the defendant Mrs. Cleary upon the ground that it was made in fraud of creditors. There is no question raised by the evidence nor claim made by the plaintiff that the consideration which is claimed to have been paid by Mrs. Cleary to her husband for the property involved was grossly inadequate. The claim of the plaintiff is based solely upon the theory that whatever indebtedness Mr. Cleary owed to his wife was of long standing, and that there was no present consideration made for the deeds. It is apparent throughout the evidence that Mrs. Cleary had made advances to her husband and had become his creditor for amounts due her under her several agreements with him in reference to the conducting of his business, but it is also quite clear that at the time the conveyances herein complained of transferring his interest in the properties, there was actually no present consideration paid to him by her for the same, although at the time he was insolvent.

HUGHES, PJ.

Under these circumstances, notwithstanding the sympathy which is elicited for Mrs. Cleary because of the losses occasioned by the unsuccessful business operations and other dissipations of the family funds by her husband, the law looks upon such a transaction as a fraud upon creditors, and hence the judgment must be for plaintiff, the costs to be paid out of funds derived from the sale which must follow this judgment.

(Justice, J., concurs.)

CARNEY v. KRAUSE.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8595. Decided Oct. 29, 1928.

(Hughes and Justice, JJ., of the 3rd Dist., and Mauck, J., of the 4th Dist., sitting.)

First Publication of This Opinion.

Syllabus by Editorial Staff.

AUTOMOBILES.

(50 A2g2) In action for damages for injuries growing out of automobile accident, testimony of family physician acquainted with condition of plaintiff prior to collision, of more importance than speculations of experts. Jury may view failure to use him as witness as weighing heavily against plaintiff.
Anderson & Lamb, Cleveland, for Carney.
Chas. T. Rich, Cleveland, for Krause.

HISTORY:—Action in Common Pleas by Carney against Krause for damages for injuries sustained in automobile accident. Judgment for plaintiff. Plaintiff prosecutes error on ground that verdict is inadequate. Judgement affirmed. No action in Supreme Court prior to date of this publication.

STATEMENT OF FACTS.

Hazel Carney recovered a judgment in the sum of $250.00 from David Krause for damages sustained to her person in an automobile collision. She prosecutes error on the ground that the verdict was inadequate.

BY THE COURT.

We have read the record and find that it is well established that $250.00 would not at all compensate the plaintiff if her physical condition at the time of the trial was due to the accident. Whether it was so due, was a question upon which the medical experts differed. The jury was in a better position to judge the mental and moral worth of these medical witnesses than we are. We take it, too, that the jury was much impressed by the absence from the stand of the plaintiff's family physician. The experts were speculating on whether her goitre and other disabilities were to be attributed to the shock of the collision or to bad tonsils, bad teeth and other forces that were unaffected by the accident.

Certainly the testimony of the family physician acquainted with the condition of the plaintiff prior to the collision was of more importance than all the speculations of the experts, and the failure to use him as a witness must have weighed heavily against the plaintiff. The jury must have so viewed it. We cannot say that they were wrong.

(Hughes, Justice and Mauck JJ., concur.)